IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**CALAMP WIRELESS NETWORKS CORPORATION,**

    **Plaintiff**

v.                                  CIVIL NO. 2:16cv632

**ORBCOMM, INC.,**

    **Defendant.**

## OPINION AND ORDER

This matter comes before the Court upon CalAmp Wireless Networks Corporation ("Plaintiff") and Orbcomm, Inc.'s ("Defendant") Consent Motion to Transfer Venue to the Richmond Division. ECF No. 14. For the reasons set forth herein, the Court **GRANTS** the Motion to Transfer. Id.

### I.    FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a Delaware corporation with its principal place of business in Irvine, California. ECF No. 1, ¶ 1. Defendant is a Delaware corporation with its principal place of business in New Jersey; Defendant also has a facility in Virginia that includes its Innovation and Network Control Center, corporate information technology group, and many of Defendant's sales and marketing personnel. Id. ¶¶ 4, 6. Both companies are providers of wireless communications solutions in markets for mobile resource management applications and machine-to-machine ("M2M") communications. Id. ¶ 2.

On October 26, 2016, Plaintiff filed a Complaint alleging that various modem devices, remote tracking devices, and back-end server software made or sold by Defendant infringe two

1

patents held by Plaintiff ("Norfolk Action"). Id. ¶¶ 11–15. On November 2, 2016, Defendant filed a Consent Motion for Extension of Time for Defendant to File Answer, Norfolk Action, ECF No. 13, which this Court granted, Norfolk Action, ECF No. 17. On November 2, 2016, Plaintiff also filed the instant Consent Motion to Transfer Case to the Richmond Division, Norfolk Action, ECF No. 14.

On April 7, 2016, Defendant had filed a complaint in this District against Plaintiff's parent company, CalAmp Corp., alleging that a variety of products sold by CalAmp Corp. infringe at least five different patents that Defendant asserts it owns. See ECF No. 1, Orbcomm Inc. v. CalAmp Corp., No. 3:16cv208 ("Richmond Action"). The case was assigned, based on this District's rotation system for patent infringement cases, to the Richmond Division and to Judge Henry Hudson. Norfolk Action, ECF No. 15, at 3. On May 27, 2016, CalAmp Corp. moved to dismiss Defendant's Complaint, arguing that the patents alleged by Defendant were invalid on the basis that (1) the patents were directed towards patent-ineligible abstract ideas, and that (2) Defendant's Complaint failed to set forth sufficient facts to state a plausible claim for relief. Id. On July 18, 2016, CalAmp Corp. also filed an Answer and asserted a counterclaim seeking a declaration that one of the patents was unenforceable as the result of inequitable conduct by Defendant. Id. Ultimately, Judge Hudson found that the one of the patents was directed towards an abstract idea and was therefore invalid, but that the remaining patents claimed facially patent-eligible matter. Defendant also dismissed with prejudice its claims related to another patent. Id. at 4. With respect to the remaining three patents, discovery is set to close on January 27, 2017, and trial is set for May 15, 2017. Id.

Parties argue that the case should be transferred to Judge Hudson in Richmond for the sake of judicial economy, particularly as there is significant factual overlap, with which Judge

Hudson is already familiar, between the Norfolk and Richmond Actions. Id. at 5. Parties have noted that neither believes the matters should be consolidated for pretrial or trial purposes. Id.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." The decision to transfer venue is committed to the sound discretion of the district court. S. Ry. Co. v. Madden, 235 F.2d 198, 201 (4th Cir. 1956). In considering a motion to transfer, the court makes two inquiries: (1) whether the claims could have been brought in the transferee forum; and (2) whether the interest of justice and convenience of the parties and witnesses support transfer. Koh v. Microtek Int'l, Inc., 250 F. Supp. 2d 627, 630 (E.D. Va. 2003).

## III. ANALYSIS

### A. THE CAUSE OF ACTION COULD HAVE BEEN BROUGHT IN THE TRANSFEREE FORUM

With respect to the first requirement, the question is whether the suit could have been validly brought in the Richmond Division of the Eastern District of Virginia. As all patent infringement claims filed in this District are assigned to a Division based on a rotation system—and therefore the Norfolk Action could have been assigned to Richmond so long as venue and jurisdiction in this District were proper—the Court must consider whether venue and jurisdiction are proper in the Eastern District of Virginia.

Under 28 U.S.C. § 1400, venue in patent infringement cases is proper in "the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). A corporate entity "resides" in "any judicial district in which such defendant is subject to the court's personal

3

jurisdiction." 28 U.S.C. § 1391(c)(2). Consequently, the venue inquiry collapses into the personal jurisdiction analysis.

Federal Circuit law governs jurisdiction in patent cases. Hildebrand v. Steck Mfg. Co., Inc., 279 F.3d 1351, 1354 (Fed. Cir. 2002). Under Federal Circuit law, personal jurisdiction exists if the forum state's long-arm statute is satisfied and the exercise of personal jurisdiction would not deny the defendant due process. Med. Solutions, Inc. v. C Change Surgical LLC, 541 F.3d 1136, 1139 (Fed. Cir. 2008). Virginia's long-arm statute is construed to grant jurisdiction to the full extent permitted by the Due Process Clause. CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 293 (4th Cir. 2009) (internal citations omitted). The Supreme Court has articulated a two-part test for determining when the exercise of personal jurisdiction comports with due process: (1) the defendant must have "minimum contacts" with the forum; and (2) the exercise of jurisdiction must not offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

For the minimum contacts analysis, courts recognize two types of jurisdiction—general and specific. Daimler AG v. Bauman, 134 S. Ct. 746, 749 (2014). While general jurisdiction exists for a corporate entity at its place of incorporation and its principal place of business, specific jurisdiction exists where the suit arises out of or relates to the entity's contacts with the forum (including a single act (or occasional acts) in the forum that gives rise to the sued-upon liability). Id. at 754.

Defendant is a Delaware entity and its principal place of business is located in New Jersey. Plaintiff argues that that this Court has personal jurisdiction over Defendant because (1) "a substantial part of the acts giving rise to this action occurred in this judicial district," including "acts of infringement" at Defendant's Sterling, Virginia facility, and because of (2) Defendant's

4

substantial business in this judicial district. Norfolk Action, ECF No. 1, at ¶¶ 4, 6, 9–11. (Plaintiff also points to Defendant's choice of this forum for its own litigation against Plaintiff's parent company. Id. ¶ 10.) Consequently, personal jurisdiction exists in the Eastern District of Virginia. Because the analysis for jurisdiction and venue is the one and the same for corporate entities, venue is also proper. Thus, this action was properly brought in this District.

Furthermore, this action was only assigned to this Division, rather than the Richmond or Alexandria Divisions, as the result of this District's rotation system for assigning patent infringement cases; therefore, this action could have been assigned to the Richmond Division.

### B. THE CIRCUMSTANCES STRONGLY FAVOR TRANSFER

With this threshold inquiry met, the Court turns to the question of the convenience of the parties and witnesses and the interest of justice. In addressing this question, the Court considers four factors: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interest of justice. Heinz Kettler GMBH & Co. v. Razor USA, LLC, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010). The party seeking transfer bears the burden of demonstrating that "the circumstances of the case are strongly in favor of transfer." Id. (citation omitted).

#### 1. Plaintiff's Choice of Forum

A plaintiff's choice of forum is typically entitled to substantial weight. Id. However, this inquiry is not necessary as both parties agree the Eastern District of Virginia is the appropriate forum. It is only as the result of this District's rotation system for assigning patent cases that this case was assigned the Norfolk Division. Therefore, this factor does not weigh against transfer to the Richmond Division.

#### 2. Convenience of the Parties

A federal court considering a motion to transfer venue must also consider how

convenient transfer would be for the parties and the witnesses. The Richmond Division is clearly more convenient for the Parties as "a related matter between substantially the same parties is already pending there." Norfolk Action, ECF No. 15, at 6. The Court thus finds that the convenience of the parties weighs strongly in favor of transfer.

### 3. Convenience of the Witnesses

The Court also finds that the Richmond Division is more convenient for the witnesses. Parties advise that both cases likely will involve many of the same potential party and non-party witnesses, and that discovery and depositions will involve similar subject matter and some common witnesses. Id. at 6–7. Thus, having the witnesses in the same Division, rather than traveling between two Divisions, will be more convenient for the witnesses. Consequently, the Court finds that the convenience of the witnesses weighs strongly in favor of transfer.

### 4. Interest of Justice

Finally, the Court must consider the "interest of justice." This analysis "encompasses public interest factors aimed at systemic integrity and fairness." Byerson v. Equifax Information Services, LLC, 467 F. Supp. 2d 627, 635 (E.D. Va. 2006) (internal citations and quotations omitted). The most prominent factor related to systemic integrity is judicial economy and avoidance of inconsistent judgments. Id. Factors related to fairness include "docket congestion, interest in local controversies decided at home, knowledge of applicable law, unfairness with burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law." Heinz Kettler GMBH, 750 F. Supp. 2d at 670.

With respect to systemic integrity, judicial economy weighs strongly in favor of transferring the case to the Richmond Division. The Richmond Action and the Norfolk Action involve substantially the same parties and some common issues of fact and law that weigh in favor of transfer. Norfolk Action, ECF No. 15, at 6. First, both involve claims of patent

6

infringement relating to the same technological area, remote tracking systems, and methods for use in the M2M market. Id. Second, in the Richmond Action, Defendant relies, to support its claim for lost profits, on some of the same devices Plaintiff accuses Defendant of infringing in the Norfolk Action. Id. Third, both cases likely will involve many of the same potential party and non-party witnesses, and discovery and depositions will involve similar subject matter and some common witnesses. Id. Finally, as Judge Hudson has already considered motions to dismiss in the Richmond Action, he is familiar with the Parties and the basic subject matter of the patents at issue, and would thus be able to oversee the Norfolk Action more efficiently. Id. at 7.

With respect to fairness, the relevant factors are either inapplicable or do not weigh against transfer. Certain factors, including docket congestion, interest in having local controversies decided at home, unfairness with burdening forum citizens with jury duty, and interest in avoiding unnecessary conflicts of law, are inapplicable because this case is being transferred between Divisions in this District, rather than between districts.

With respect to knowledge of applicable law, Agilent Technologies, Inc. v. Micromuse, Inc., 316 F. Supp. 2d 322, 329 (E.D. Va. 2004) explained that "[b]ecause this case arises under federal patent law, the court's familiarity with the applicable law is not at issue, as this Court is no better or worse equipped to handle this subject matter than any other United States district court." Thus, this Division's familiarity and the Richmond Division's familiarity with the applicable law weigh neither in favor nor against transfer.

IV. **CONCLUSION**

After balancing the aforementioned factors, the Court **FINDS** that the balance weighs strongly in favor of transfer. The Court therefore **GRANTS** Parties' Motion to Transfer Case to the Richmond Division, ECF No. 14, and **DIRECTS** the Clerk to reassign this case to United States District Judge Henry Hudson in the Richmond Division of the Eastern District of Virginia

for all further proceedings. Furthermore, the Court **DIRECTS** the Clerk to assign one less patent case to Judge Hudson and assign another patent case to the undersigned by virtue of this case transfer to Judge Hudson.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge

_____
UNITED STATES DISTRICT JUDGE

Norfolk, VA
November 9, 2016